**Craig MORGAN**

v.

**UNITED STATES of America**

v.

**ROUBIN & JANEIRO, INC.**

**Civ. No. 3–75–219.**

United States District Court,
E. D. Tennessee, N. D.

Feb. 24, 1976.

H. Calvin Walter, Walter, Gilbertson & Claiborne, Knoxville, Tenn., for plaintiff.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for the United States.

F. Graham Bartlett, Louis C. Woolf, Knoxville, Tenn., for Roubin & Janeiro, Inc.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., which arises out of an accident that occurred on February 2, 1974 in the Great Smoky Mountains National Park in the State of Tennessee. Plaintiff, Craig Morgan, received an electric shock while engaged in the performance of his duties as an employee of Roubin & Janeiro, Inc. Roubin & Janeiro was an independent contractor engaged in road construction in the Great Smoky Mountains National Park pursuant to a contract with the Federal Highway Administration.

The accident occurred when plaintiff, in the course of his employment, attempted to hook a crane cable to a fifty-gallon barrel. Electricity arced from a high voltage power line to the boom of a crane operated by Mr. Janeiro while plaintiff had one hand on a barrel of water and the other hand on a cable attached to the boom of the crane.

It is the theory of plaintiff that he was an invitee and the Government owed him a duty of ordinary care. He says that this duty could not be delegated because electricity is an inherently dangerous substance and the Government owned and maintained the power line involved.

The Government neither owned nor maintained the power line. It was owned and maintained by the Sevier County Electric System. Sevier County is one of the ninety-five counties of the State of Tennessee and adjoins the Great Smoky Mountains National Park.

Plaintiff contends further that the Government assumed the duty of keeping the electrical equipment safe and of supervising the power line. The Government did not assume the duty of keeping the electrical system safe as this was the duty of the Sevier County Electric System.

Nor did the Government assume the duty of supervising the power lines by having an inspector on the premises. The proof shows that Archie J. King was a Government inspector who was responsible for seeing that the work was performed properly and according to specifications. He was a quality control inspector, not a safety inspector. While he testified in his deposition that, if he saw something unsafe, he would report it to the contractor's supervisor, the proof does not show that he either had or assumed an affirmative duty to see that safety precautions were taken. He would report safety violations to the one in charge of the work, and if they were not corrected, he would report to the contractor's supervisor.

Plaintiff also contends that King was negligent because he was not present at the site when the accident occurred. The proof shows that King was responsible for inspecting several construction sites. He was discharging his duties at another site at the time of the accident. He had no duty to remain at the site in question and assure that the employees of Roubin & Janeiro performed their work in a safe manner.

■ Plaintiff contends further that since electricity is an ultrahazardous substance necessarily attended with danger to those working nearby, the defendant had a nondelegable duty to see that the electricity was transmitted in a safe manner and that work done near the electric line was performed in a safe manner. In support of this contention the plaintiff's attorneys rely upon the case of *Pierce v. United States,* reported in D.C., 142 F.Supp. 721, a decision of the late Judge Leslie Darr of Chattanooga. In *Pierce,* Judge Darr stated, among other things:

"The government was in possession of the premises through its agencies, the Corps of Ordnance and Engineers. Indeed counsel conceded during the trial that the power lines and substation involved had not been turned over to Atlas. The government had contracted with the Electric Power Board of Chattanooga to furnish power for the premises. The power was delivered by the utility to the site of VOW and brought onto the premises over the government owned lines. The government thereupon became a supplier of electricity, subject to the same high degree of care to protect persons properly upon the premises as is required of electric power companies. *International Harvester Co. v. Sartain, supra.*" 142 F.Supp. 729.

In the present case, the Government was not the supplier of the electricity. The Government was not the owner of the power lines. The Sevier County Electric System, as previously indicated, was the supplier of the electricity and the owner and operator of the electrical system.

The case of *International Harvester Co. v. Sartain* is also relied upon. That case is reported in 32 Tenn.App. 425, 222 S.W.2d 854 and was decided by the late Judge Swepston.

In *Sartain,* Judge Swepston said, among other things:

"It may be now generally stated as a correct proposition of law that an employer is not liable for an injury resulting from the performance of work given over by him to an independent contractor, unless the work was unlawful itself, or the injury was a necessary consequence of executing the work in the manner provided for in the contract, or subsequently prescribed by the employer, or was caused by the violation of some absolute nondelegable duty which the employer was bound at his peril to discharge, or was due to some specific act or negligence on the part of the employer himself." 32 Tenn.App. at 451, 222 S.W.2d at 865.

In that case, the International Harvester Company owned, possessed and reserved the right to control the electrical system on which the plaintiff received his injuries. This is not the situation in our case, and, in the opinion of the Court, *Sartain* does not control the rights of the parties.

■ Plaintiff further contends that the Government is charged with the negligence of its independent contractor, Roubin & Janeiro, Inc., in operating a crane in dangerous proximity to high voltage lines when proper precautions had not been taken to prevent electrocution of workers.

We do not agree. In some instances the rule relied on by plaintiff applies when the employer is in possession and has under control the ultrahazardous substance or instrumentality that resulted in plaintiff's injury. This rule does not apply to the present case because the Government did not have in its possession and control the electric system on which plaintiff received his injuries.

■ Plaintiff also predicates negligence on the violation of certain Tennessee statutes, specifically TCA §§ 53–2802, 2803, 2805. If these statutes were violated they were violated by the subcontractor, and the subcontractor, not the Government, would be responsible.

Plaintiff contends further that, in the event these statutes are found inapplicable to either the United States or Roubin & Janeiro, Inc., the operation of equipment within six feet of a high voltage line without (1) erecting mechanical barriers to pre-

vent physical contact with high voltage conductors, (2) de-energizing the high voltage conductors and grounding them where necessary, (3) temporarily relocating the high voltage lines, or (4) notifying the operator of the high voltage lines of the work to be performed and of the necessary precautions, constitutes common law negligence; that the United States is guilty of such negligence by virtue of its own knowledge of the work to be performed and the hazards existing at the construction site and by virtue of the negligence of the independent contractor, Roubin & Janeiro, Inc., which is imputed to the United States under the doctrine of nondelegable duty.

For the reasons heretofore indicated, we do not find and cannot find that any alleged negligence on the part of the independent contractor was imputable to the Government or that the Government had a duty to take any of these precautions.

■ Finally, the plaintiff contends that the United States had the high voltage line and service installed at its request, owned the land over which said high voltage lines were erected, used the energy conducted through said high voltage lines and had the authority to contact the electric company and order or request that proper safeguards be taken. Plaintiff says that the United States is guilty of negligence because it did not take these precautions. No proof was introduced relating to the question of whether the Government notified the Sevier County Electric System of the construction work except the testimony of an employee of the Sevier County Electric System that he was not notified.

This is merely a restatement of the nondelegable duty theory. As previously stated, the Government had no duty to request or order the Sevier County Electric System to take the precautions which plaintiff claims should have been taken. Therefore, it cannot be held to have been guilty of actionable negligence.

We do not reach the question of whether the Government is entitled to contribution or indemnity against the third party defendant, Roubin & Janeiro, Inc., in view of the conclusions reached. Nor is it necessary to reach the question of the alleged contributory negligence of the plaintiff. The evidence shows, however, that plaintiff failed to exercise reasonable care for his own safety when, while holding the barrel of water with one hand, he pulled the cable attached to the boom of the crane while it was close to the power line.

For the foregoing reasons, the motion to dismiss made by the Government at the close of plaintiff's proof must be sustained.

Order Accordingly.